## Case No. 16,929.

### In re VETTERLEIN et al.

[13 Blatchf. 44; [1] 12 N. B. R. 526; 21 Int. Rev. Rec. 212; 1 N. Y. Wkly. Dig. 177.]

Circuit Court, S. D. New York. June 25, 1875.

BANKRUPTCY — PROVABLE CLAIMS — JUDGMENT IN FAVOR OF UNITED STATES—MERGER—EVIDENCE.

1. Before the commencement of proceedings in bankruptcy, the United States brought an action at law against the bankrupts, to recover the value of goods which had been forfeited for violation of the customs revenue laws. The defendants, after the bankruptcy proceedings were commenced, admitted the right of the United States to recover, and a judgment in favor of the United States was rendered. The United States proved, as a debt, against the bankrupts, the claim for the value of the goods, and sustained it by evidence derived from the books and papers of the bankrupts, seized under a warrant issued under section 2 of the act of March 2d, 1867 (14 Stat. 547). Held, that the claim was provable as a debt under section 19 of the bankruptcy act of March 2d, 1867 (14 Stat. 525).

[Cited in Re Van Buren, Case No. 16,833; U. S. v. Reid, 17 Fed. 498.]

2. The claim was not so merged in the judgment as not to be provable.

3. The evidence from the books and papers was competent.

[Appeal from the district court of the United States for the Southern district of New York.]

This was an appeal by an assignee in bankruptcy from the allowance by the district court of a claim in favor of the United States. [Goods had become forfeited for violation of the revenue laws, and the statute gave the United States an action to recover their value. This right had been put in force by the commencement of an action to recover such value before the proceedings in bankruptcy were commenced. The statute says that "all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy * * * may be proved against the estate of the bankrupt."][2]

[See Cases Nos. 16,926–16,928.]

Francis N. Bangs, for appellant.

Thomas Simons, Asst. Dist. Atty., for the United States.

HUNT, Circuit Justice. 1. I see no reason to doubt that the debt of the United States was provable under section 19 of the bankrupt act (14 Stat. 525). The goods had become forfeited for violation of the customs revenue laws, and the statute gave the United States an action to recover their value. This right had been put in force by the commencement of an action to recover such value, before the proceedings in bankruptcy were commenced. The statute says, that "all debts due and payable from the bankrupt, at the time of the adjudication of bankruptcy, * * * may be proved against the estate of the bankrupt." That an admitted right to recover from the bankrupts, in an action at law, the value of certain goods, which value is offered to be proved by witnesses, constitutes a debt against the bankrupts, is reasonably certain. Whether the debt arises from a promise to pay, or whether it arises from a duty or obligation to pay, is not important. In re Rosey [Case No. 12,066]; Stockwell v. U. S., 13 Wall. [80 U. S.] 531 (where the point is expressly decided by the supreme court); Bailey v. New York Cent. R. Co., 22 Wall. [89 U. S.] 604; Chaffee v. U. S., 18 Wall. [85 U. S.] 516; In re Denny, 2 Hill, 220; 2 Bl. Comm. 153, 160, bk. 3, c. 9.

2. I do not discuss the question, whether the judgment recovered against the bankrupts was evidence of the indebtedness. If it was a valid judgment, it should be held to afford competent evidence of the debt. If it was not, it must be held, in these proceedings, as no judgment, and the parties must stand as if there were no judgment in existence. In the latter event, the claimant must establish his debt by proof upon the merits. This was done in the present case, by evidence obtained from the books and pa-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [From 1 N. Y. Wkly. Dig. 177.]

pers of the bankrupts, which were in possession of the collector by virtue of a warant issued by the district judge. It will not do for the assignee to say that the judgment is forbidden by law to be recovered, and that it is no judgment and affords no proof of the existence of the debt, and to say, also, that it is a good enough judgment to merge the original claim and prevent proof thereof by the owner. He cannot thus blow hot and cold with the same breath.

3. It is objected, that evidence taken from the bankrupts' books, which had been seized under the act of March 2d, 1867 (14 Stat. 547), was improperly admitted. Waiving the suggestion that this objection was not taken on the trial, and waiving the question whether this objection, if good, is available to an assignee, it is sufficient to say, that I have carefully examined this subject in the case of U. S. v. Hughes [Case No. 15,417], and have reached the conclusion, that the objection is not tenable. The act of 1868 [15 Stat. 227], which it is supposed will exclude this evidence, applies only to the evidence derived from a personal examination of a party or witness, not to evidence found in books or papers, and which may have been obtained under the statute referred to.

The order must be affirmed.

[See Vetterlein v. Barnes, 6 Fed. 693; In re Vetterlein, 20 Fed. 109; In re Jayne, 28 Fed. 419; In re Vetterlein, 44 Fed. 57; Vetterlein v. Barker, 45 Fed. 741.]