## Case No. 15,793.

### UNITED STATES v. MOLLER.

[10 Ben. 189.] [1]

District Court, S. D. New York.  Dec., 1878.

EXECUTION AGAINST PERSON—NEW YORK CODE—PENALTIES—DAMAGES FOR FRAUD.

1. Judgment having been recovered against the defendant under Rev. St. U. S. §§ 2839, 2864, for the value of goods illegally imported, and an execution against his property having been returned unsatisfied, and an execution against the person having been issued, on motion to set aside the latter execution: Held, that the question whether defendant was liable to arrest on execution is by Rev. St. U. S. § 990, made dependent on the law of New York.

2. Under the law of New York (Code, §§ 548, 549, 1489), defendant was not liable to arrest.

3. The action was not one to recover damages for a fraud, nor for a penalty within the meaning of Code N. Y. § 549.

[Cited in U. S. v. Reid, 17 Fed. 498.]

[This was an action by the United States against Anton Moller, for the value of goods illegally imported.]

B. B. Foster and J. J. Adams, for the motion.

Mr. Tenney, Asst. U. S. Dist. Atty., opposed.

CHOATE, District Judge. This is a motion to set aside an execution against the person. The suit was for the value of merchandize entered in violation of Rev. St. §§ 2839, 2864, by which, in case goods are entered by means of a false invoice, the goods or their value are declared forfeited to the United States. The declaration was in the form of a declaration in debt, according to the old practice. The defendant was defaulted and judgment was entered upon his default. An execution against his property having been returned unsatisfied, this execution against the person was issued. The question whether the defendant is liable to arrest on execution, depends upon the law of

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the state of New York. If upon a judgment for the same cause of action in a state court, he would be liable to arrest on execution, he is so liable on this judgment, otherwise not. Rev. St. § 990.

The present law of New York, regulating the matter, is contained in sections 548, 549, and 1487 of the Code of Civil Procedure. By section 1487 an execution against the person is limited to two cases: First, "where the plaintiff's right to arrest the defendant depends upon the nature of the action"; and secondly, "in any other case where an order of arrest has been granted and executed in the action and has not been vacated." There was no order of arrest in this action; therefore, the sole question is whether this is a case where the nature of the action gives the plaintiff the right to an arrest. The reference here is to sections 548 and 549. Section 548 prohibits arrest in a civil action, except as prescribed by statute. Section 549 provides that the defendant may be arrested "where the action is brought for either of the following causes: (1) To recover a fine or penalty; (2) To recover damages for a personal injury; an injury to property, including the wrongful taking, detention or conversion of personal property; * * * fraud; deceit;" and certain other cases admitted to have no similarity to this suit. It is insisted by the plaintiff that this is "an action to recover damages for fraud," within the meaning of this section; but it seems to me that this claim can not be sustained. Section 549, in view of the prohibition contained in section 548, and of the nature of the right affected by this legislation, the right of personal liberty, if not to be strictly construed, should not be strained beyond the fair and proper meaning of the terms used to bring a case within its provisions. An action to recover damages for fraud is an expression apparently referring to that class of actions, well defined at the common law, in which the ground of the action was an actionable fraud practiced by the defendant on the plaintiff and the purpose of the action to recover the damages resulting to the plaintiff therefrom. Doubtless, it does not exclude cases where those damages may be made exemplary by the verdict of the jury. Is the present an action similar in the grounds on which it is based, or in the purposes it is designed to effect? Clearly not. It is an action of substantially a different and peculiar character, sui generis. Violations of the revenue laws have been in this country and in England always visited with this class of forfeitures, primarily of the goods, by means of which the offence was committed, and collaterally to prevent a loss to the government by reason of the sale or consumption of the goods, before discovery of the offence, by forfeiture of their value as an independent remedy. The theory of these statutes is that, by reason of the breach of the law, the goods become the goods of the government, if it sees fit to insist upon its right, and the action for their value is given as an equivalent or substitute for the right of seizure and forfeiture of the goods themselves. It is very true that under present and recent legislation there is no forfeiture either of the goods or their value, unless there is an actual intent to defraud the government; but although the proof of this is a prerequisite to a recovery, this does not make the action in substance an action to recover damages for the fraud, or alter its nature, essentially. The recovery has no relation whatever to any damages which the government may have suffered by reason of the fraud practiced. The amount to be recovered is neither more nor less than the value of the goods. It generally far exceeds the amount of duty of which the government has been deprived, but with changes of values and of markets, it is quite supposable that the value may be less. Nor by any latitude of construction can the forfeiture be regarded as of the nature of exemplary damages for the fraud. The legislature of New York has not seen fit to allow an arrest in an action to recover forfeited goods or their value, and congress has seen fit to limit the arrest of defendants on execution to cases in which it is allowed by the legislature of New York, and has made no special provision for an arrest in this class of actions.

It is also claimed by the plaintiff that this is an action for a "penalty" within the meaning of the first subdivision of section 549. But the word "penalty," in connection with the word "fine," seems to refer to pecuniary penalties, under penal statutes. It has been repeatedly held that these revenue laws are not penal laws. And in no proper or common sense is this forfeiture a penalty.

Defendant discharged.