## UNITED STATES *v.* REID and others.

(*Circuit Court, S. D. New York.* August 2, 1883.)

1. DISTRICT COURT—JUDGMENT AFFIRMED—REV. ST. § 636.

   When a judgment of the district court is affirmed in the circuit court, the judgment does not remain in the district court as the judgment of that court, to be enforced by its process, but becomes the judgment of the circuit court.

2. SAME—EXECUTION AGAINST BODIES OF DEFENDANTS—CODE CIVIL PROC. (N. S.) § 549.

   An action of debt for the value of merchandise forfeited for entry by means of false and fraudulent practices and appliances, under section 2864 of the Revised Statutes of the United States, is not an action "to recover a fine or penalty," or "an action upon contract, express or implied," within the meaning of section 549 of the Code of Civil Procedure of the state of New York, and consequently an execution against the bodies of the defendant cannot be issued out of a circuit court of the United States in that state for damages and costs.

Motion to Set Aside Execution.

*Edwin B. Smith,* for defendants.

*Elihu Root,* U. S. Atty., for plaintiff.

WHEELER, J. This was an action of debt, for the value of merchandise forfeited for entry by means of false and fraudulent practices and appliances under section 1 of chapter 76, Act 1863, (12 St. at Large, 737; Rev. St. § 2864.) The plaintiff recovered judgment in the district court at March term, 1873. On writ of error brought by the defendants the judgment was affirmed in this court at April term, 1879. An execution against the bodies of the defendants has been issued out of this court for the damages, and costs of both courts. The defendants have moved to have the judgment of this court made to be for costs in this court only, and to set aside the execution because it runs against the bodies of the defendants. The judgment of this court appears to have been entirely correct. When the judgment of the district court was affirmed in this court, the judgment did not remain in the district court as the judgment of that court, to be enforced by its process, but became the judgment of this court. Rev. St. § 636. If this were not so, and the form of entering the judgment was clerically wrong, proceedings to correct the record should be taken before the justice who directed the entry. This part of the motion must be denied.

Whether the execution could properly issue in such a case is to be determined by the laws of the state. Rev. St. §§ 990, 991; *Low* v. *Durfee,* 5 FED. REP. 256. The law of the state directly applicable is found in the Code of Civil Procedure, § 549. That section allows process to issue against the body in actions, (1) to recover a fine or penalty; * * * (4) in an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability; and in no other cases claimed to be appli-

cable. The object of the government is not to prevent imports, but to collect its revenue. The statutes which work this forfeiture are remedial to that end. This is the mode of obtaining the duties when the goods are so proceeded with as to become forfeited. The value of the goods forfeited, when recovered, is no more a penalty than the duties would be if paid. *Stockwell* v. *U. S.* 13 Wall. 531; *In re Vetterlein*, 13 Blatchf. 44. The execution cannot be upheld on the ground that the recovery was of a penalty.

As to the other ground, this can hardly be said to be an action upon contract, either express or implied. Certainly there was no express contract. By force of the law the property ceased to be the property of the defendants, and became the property of the government, if the government should choose to take it; and the government became entitled to the value of it, in lieu of the property, if it should choose to take that. The government became so entitled by force of the law, and not by virtue of any contract. The action of debt could be maintained because of the title or right created by the law, and not by virtue of any obligation to pay entered into by the defendants, or to be implied from their acts, beyond what rests upon everybody to obey the law and to yield to all its requirements.

The liability to be incurred, within the meaning of this part of the Code, seems to be a liability upon contract between party and party, and not the general compact between each member of society and all the others to support the laws, implied from living under them. These views are well supported by the reasoning of CHOATE, J., in *U. S.* v. *Moller*, 10 Ben. 189.

Motion to set aside execution granted.